IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| REGINALD DONNELL RICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CARRIE WRIGHT, LAUREN OSTEEN, | § | Case No. 4:08-CV-376 |
| KARL HEINRICH, JOHANNA HEINRICH, | § | |
| JOHN SEAL, TRACI SEAL, and | § | |
| JOHN DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

The following motions are pending before the court:

1. Motion of Defendants Carrie Wright and Lauren Osteen to dismiss certain claims pursuant to Rule 12(b)(6), for Rule 7 reply, and for more definite statement (docket entry #9);

2. Plaintiff's response to Defendants Carrie Wright and Lauren Osteen's motion to dismiss certain claims pursuant to Rule 12(b)(6), for Rule 7 reply, and for more definite statement (docket entry #21); and

3. Reply in further support of the motion of Defendants Carrie Wright and Lauren Osteen to dismiss certain claims pursuant to Rule 12(b)(6), for Rule 7 reply, and for more definite statement (docket entry #25).

_____

1. Defendants Jon Seal, Traci Seal, Karl Heinrich, and Johanna Heinrich's motion to dismiss pursuant to Rule 12(b)(6), and to sever and remand any remaining claims (docket entry #10);

2. Plaintiff's response to Defendants Jon Seal, Traci Seal, Karl Heinrich, and Johanna Heinrich's motion to dismiss pursuant to Rule 12(b)(6), and to sever and remand any remaining claims (docket entry #23); and

-1-

3. Defendants Jon Seal, Traci Seal, Karl Heinrich, and Johanna Heinrich's reply to Plaintiff's response to Defendants' motion to dismiss pursuant to Rule 12(b)(6), and to sever and remand any remaining claims (docket entry #26).

---

1. Defendants Heinrichs and Seals' motion to dismiss pursuant to Rule 12(b)(6) (docket entry #43);

2. Plaintiff's objections and response to Defendants Heinrichs and Seals' motion to dismiss pursuant to Rule 12(b)(6) (docket entry #50); and

3. Defendants Heinrichs and Seals' reply to Plaintiff's response to Defendants' motion to dismiss pursuant to Rule 12(b)(6) (docket entry #53).

---

1. Motion of Defendants Carrie Wright and Lauren Osteen to dismiss Plaintiff's first amended complaint or, in the alternative, for Rule 7 reply (docket entry #49);

2. Plaintiff's response to Defendants Carrie Wright and Lauren Osteen's motion to dismiss Plaintiff's first amended complaint, or in the alternative, for Rule 7 reply (docket entry #52); and

3. Reply in further support of the motion of Defendants Carrie Wright and Lauren Osteen to dismiss or, in the alternative, for Rule 7 reply (docket entry #54).

### PROCEDURAL HISTORY

On October 3, 2008, the Plaintiff filed his complaint. On October 28, 2008, Defendants Carrie Wright and Lauren Osteen moved to dismiss certain claims pursuant to Rule 12(b)(6), for Rule 7 reply, and for more definite statement (docket entry #9). On October 31, 2008, Defendants Jon Seal, Traci Seal, Karl Heinrich, and Johanna Heinrich moved to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) and to sever and remand any remaining issues (docket entry #10). On February 19, 2009, the Plaintiff filed his first amended complaint. On February 23, 2009, Defendants Heinrichs and Seals moved to dismiss the Plaintiff's first amended complaint pursuant

to Rule 12(b)(6) (docket entry #43). On March 3, 2009, Defendants Carrie Wright and Lauren Osteen moved to dismiss Plaintiff's first amended complaint or, in the alternative, for Rule 7 reply (docket entry #49).

The Defendants' original motions to dismiss are directed to the Plaintiff's original complaint. The Plaintiff has amended his complaint, and the Defendants have filed motions to dismiss responsive to the most recent complaint. Therefore, the Defendants' original motions to dismiss are moot and should be denied.

**FACTUAL BACKGROUND**

The facts set forth in the Plaintiff's first amended complaint are as follows:

1. On January 16, 2007, Idalesyia Nicole Knighten was born at Medical City Dallas Hospital in Dallas, Texas. PL. FIRST AMD. COMPL., p. 3, ¶10;

2. On January 18, 2007, Defendant Carrie Wright, a caseworker with the Texas Department of Family and Protective Services, took custody of Idalesyia from her natural mother, Melissa Knighten, at Medical City. PL. FIRST AMD. COMPL., p. 3, ¶11;

3. On January 19, 2007, Medical City discharged Idalesyia to Defendants Carrie Wright and Lauren Osteen, caseworkers for the Dallas County Child Protective Services Unit. On the same day, the Dallas County Child Protective Services Unit brought suit against the Plaintiff to terminate his parental rights to Idalesyia. PL. FIRST AMD. COMPL., p. 3, ¶12;

4. "Upon learning of the birth of his daughter, Plaintiff requested that his daughter be placed in the care of his mother, Laura Hawkins ("Hawkins"). Concurrently with this request, Plaintiff was initiating paternity testing to prove that [Idalesyia] was his daughter, notwithstanding the fact that Melissa Knighten informed [the Texas Department of Family and Protective Services] that Plaintiff was the father." PL. FIRST AMD. COMPL., p. 3, ¶13;[1]

---

[1] In the Plaintiff's original complaint, the Plaintiff stated that "[a]lthough he was unable to take custody of [Idalesyia] due to his incarceration, Plaintiff requested that his daughter be placed in the care of his mother, Laura Hawkins ("Hawkins"). Concurrently with this request, Plaintiff was initiating paternity testing to prove that [Idalesyia] was his daughter, notwithstanding the fact that Plaintiff is listed

5. Rather than placing Idalesyia in the care of the Plaintiff's mother, Defendants Carrie Wright and Lauren Osteen placed Idalesyia in the care of foster parents Karl and Johanna Heinrich, Defendants herein. PL. FIRST AMD. COMPL., p. 4, ¶15;

6. On March 29, 2007, Defendant Karl Heinrich left Idalesyia in the care of foster parents John Seal and Traci Seal, Defendants herein. PL. FIRST AMD. COMPL., p. 2, ¶¶ 7 & 8; p. 4, ¶ 17. Defendant Traci Seal laid Idalesyia down for a nap, placing Idalesyia on her stomach. PL. FIRST AMD. COMPL., p. 4, ¶17. Defendant Traci Seal later discovered Idalesyia unresponsive. *Id*.; and

7. Emergency medical services transported Idalesyia to the emergency department at Centennial Medical Center in Frisco, Texas. Efforts to revive Idalesyia were unsuccessful and Idalesyia was pronounced dead at approximately 5:10 p.m. on March 29, 2007. The cause of death was Sudden Infant Death Syndrome ("SIDS"). PL. FIRST AMD. COMPL., p. 4, ¶¶18 & 19.

The Plaintiff brought suit against Defendants Wright and Osteen pursuant to 42 U.S.C. § 1983. The Plaintiff alleges that Defendants Wright and Osteen violated the Plaintiff's Fourteenth Amendment right to enjoy a relationship with his daughter. The Plaintiff additionally brought suit against all of the Defendants for wrongful death under § 71.002 of the Texas Civil Practice and Remedies Code. Finally, the Plaintiff brought a survival action on behalf of Idalesyia's estate against all of the Defendants pursuant to § 71.021 of the Texas Civil Practice and Remedies Code.[2] The named Defendants now move to dismiss the Plaintiff's first amended complaint pursuant to FED. R. CIV. P. 12(b)(6). The Defendants argue that the Plaintiff has failed to plead sufficient facts regarding standing.[3] The court agrees.

---

as the father of [Idalesyia] on her birth certificate and Melissa Knighten does not dispute Plaintiff's paternity." PL. ORIG. COMPL., p. 3, ¶12. In his first amended complaint, the Plaintiff no longer alleges that he was named as Idalesyia's father on her birth certificate.

[2]The Plaintiff also sued John Does 1-10 under all three theories of recovery.

[3]As noted by the Plaintiff, it appears that the Defendants are actually moving to dismiss the Plaintiff's first amended complaint pursuant to FED. R. CIV. P. 12(b)(1) for lack of standing. The court, however, applies the same legal standard to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6) motions to dismiss. *See Cornerstone Christian Schools v. University Interscholastic League*, 563 F.3d 127, 133

# LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *id*. at 555, and into the "realm of plausible liability." *Id*. at 557 n.5. "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Gonzalez v. Kay*, __ F.3d __, 2009 WL 2357015, *2 (5th Cir. 2009), quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. It follows then

---

(5th Cir. 2009).

that "'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."'" *Id.*, quoting *Iqbal*, 129 S.Ct. at 1950, quoting FED. R. CIV. P. 8(a)(2).

In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings . . ." *Scanlan v. Texas A & M University*, 343 F.3d 533, 536 (5th Cir. 2003) (citations omitted). Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Id.* A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*, citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## DISCUSSION AND ANALYSIS

As noted above, the Plaintiff has alleged three separate causes of action. In his first cause of action, the Plaintiff alleges that pursuant to 42 U.S.C. § 1983, Defendants Wright and Osteen violated the Plaintiff's Fourteenth Amendment right to enjoy a relationship with his daughter. In order to prevail on his § 1983 claim, the Plaintiff must establish that he is the father of the deceased.

In his second cause of action, the Plaintiff brought suit against all of the Defendants for the wrongful death of his daughter under § 71.002 of the Texas Civil Practice and Remedies Code. In order to prevail on his wrongful death claim, the Plaintiff must establish that he is the father of the deceased. TEX. CIV. PRAC. & REM. CODE § 71.004(a) ("An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.").

In his final cause of action, the Plaintiff brought a survival action on behalf of Idalesyia's

estate against all of the Defendants pursuant to § 71.021 of the Texas Civil Practice and Remedies Code. In order to prevail on the survival claim, the Plaintiff must establish that he is one of Idalesyia's heirs or legal representatives. TEX. CIV. PRAC. & REM. CODE § 71.021(b) ("A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable person and the person's legal representatives.").

In order to prevail on his claims, the Plaintiff must eventually prove that he was Idalesyia's father. However, at this stage, in order to survive the Defendants' motions to dismiss for lack of standing, the Plaintiff must plead facts sufficient to show that he was Idalesyia's father. Such facts must rise above the speculative level.

Here, the Plaintiff states that upon learning of Idalesyia's birth in 2007, he initiated paternity testing to prove that Idalesyia was his daughter. Additionally, the Plaintiff states that Idalesyia's mother informed the Texas Department of Family and Protective Services that the Plaintiff was Idalesyia's father. More than two years have passed since Idalesyia's death; however, the Plaintiff has pled no additional facts regarding paternity. The Plaintiff's allegations regarding paternity are speculative at best. While it is possible that the Plaintiff might be Idalesyia's father, the Plaintiff has not pled sufficient facts showing the same. Without more, the Plaintiff has not pled sufficient facts to establish standing or to show that he could prevail on the claims alleged. *See Twombly* and *Iqbal, supra*. Accordingly, the Defendants' motions to dismiss should be granted.

## CONCLUSION

Based on the foregoing, the court finds as follows:

1. Motion of Defendants Carrie Wright and Lauren Osteen to dismiss certain claims pursuant to Rule 12(b)(6), for Rule 7 reply, and for more definite statement (docket entry #9) is **DENIED AS MOOT**;

2. Defendants Jon Seal, Traci Seal, Karl Heinrich, and Johanna Heinrich's motion to dismiss pursuant to Rule 12(b)(6), and to sever and remand any remaining claims (docket entry #10) is **DENIED AS MOOT**;

3. Defendants Heinrichs and Seals' motion to dismiss pursuant to Rule 12(b)(6) (docket entry #43) is **GRANTED**; and

4. Motion of Defendants Carrie Wright and Lauren Osteen to dismiss Plaintiff's first amended complaint (docket entry #49) is **GRANTED**.

IT IS SO ORDERED.

**SIGNED this the 1st day of September, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE